Charles L. KELLY, Jr.; Teri L. Rideout; Stanley J. Rumbaugh, dba heron ridge partners, and Heron Ridge, Inc., (collectively "Heron Ridge"), Plaintiffs–Appellants,

v.

HERON RIDGE, INC., a Washington corporation, Plaintiff-counter-defendant—Appellant,

v.

AGRA Earth and Environmental, Inc., et al., Defendant-counter-claimant—Appellee.

---

\* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit sitting by designation.

Charles L. Kelly, Jr.; Teri L. Rideout, Stanley J. Rumbaugh, dba Heron Ridge partners, and Heron Ridge, Inc. (collectively "Heron Ridge"); Heron Ridge Inc., a Washington corporation, Plaintiffs–Appellants,

v.

AGRA Earth and Environmental, Inc.,* et al., Defendant–Appellee.

No. 99–36220, 00–35077.

D.C. No. CV–98–05646–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 2, 2001.

Before ALARCÓN, FERNANDEZ, and TASHIMA, Circuit Judges.

MEMORANDUM **

In this diversity action, Heron Ridge[1] appeals from the grant of partial summary judgment under Federal Rule of Civil Procedure 54(b) in favor of AGRA[2] on Heron Ridge's gross negligence and breach of implied warranty of design claims. Heron Ridge also pursues an interlocutory appeal under 28 U.S.C. § 1292(b) of the district court's partial summary judgment in favor of AGRA on the issues relating to the Limitations of Professional Liability clause

---

* AGRA Earth and Environmental, Inc. has notified this court that it is now known as AMEC, Inc.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Appellants Charles L. Kelly, Jr., Teri L. Rideout, Stanley J. Rumbaugh d/b/a/ Heron Ridge Partners, and Heron Ridge, Inc., are herein referred to as "Heron Ridge."

2. Appellee AGRA Earth and Environmental Inc., now known as AMEC, Inc., is herein referred to as "AGRA."

contained in the contract between the parties. Because the parties are familiar with the facts of this case, we do not recite them here.

## I

■ Heron Ridge contends that the Limitations of Professional Liability clause was not a part of the agreement between the parties because Stanley J. Rumbaugh allegedly rejected the clause in a 1990 telephone conversation with Thomas Bekey. Heron Ridge maintains that Mr. Bekey accepted Heron Ridge's counteroffer by stating "let's go ahead and see how it goes." We agree with the district court that the Limitations of Professional Liability clause is a part of the agreement between the parties.

The evidence, viewed in the light most favorable to Heron Ridge, raises a disputed question of fact regarding whether Heron Ridge rejected the Limitations of Professional Liability clause set forth in AGRA's first proposal dated January 16, 1990. The undisputed evidence, however, shows that the same Limitations of Professional Liability clause was set forth in five subsequent written proposals AGRA submitted to Heron Ridge. Heron Ridge does not dispute that it accepted these proposals without objecting to the Limitations of Professional Liability provision.

Moreover, in April 1992, Mr. Rumbaugh signed an authorization for AGRA to proceed on its proposal for "Supplemental Geotechnical Exploration." This proposal contained the same Limitations of Professional Liability provision. Mr. Rumbaugh did not strike the clause from the April 1992 proposal before accepting it by signing it. The April 1992 agreement was an integrated written agreement. Thus, any oral statements made in connection with the January 16, 1990 proposal cannot be considered in attacking the validity of the April 1992 written agreement. *See Em-*

*rich v. Connell*, 105 Wash.2d 551, 716 P.2d 863, 866 (Wash.1986) (en banc) ("[P]arol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict written instruments which are contractual in nature and which are valid, complete, unambiguous, and not affected by accident, fraud, or mistake."). Consequently, the Limitations of Professional Liability clause is applicable in this case.

## II

■ Heron Ridge next contends that the district court erred in determining that the disclaimer of warranties contained in the Limitations of Professional Liability clause bars Heron Ridge's breach of implied warranty claim. Specifically, Heron Ridge argues that the disclaimer is unenforceable because it was not specifically negotiated between the parties. We agree with the district court that the disclaimer of warranties contained in the Limitations of Professional Liability clause bars Heron Ridge's breach of implied warranty of design claim. *Frickel v. Sunnyside Enter., Inc.*, 106 Wash.2d 714, 725 P.2d 422, 426 (Wash.1986) (en banc) (holding disclaimer of warranties barred implied warranty claim where contractual language was clear and unambiguous and claimant was represented by attorneys).

## III

■ Heron Ridge maintains that RCW 4.24.115 expresses a public policy against enforcement of the damages cap contained in the Limitations of Professional Liability clause. We disagree. On its face, the statute is inapplicable to the present case. The clear statutory language voids only those construction contracts "purporting to *indemnify* against liability for damages arising out of bodily injury to persons or damage to property ... [c]aused by or resulting from the sole negligence of the

indemnitee . . . ." RCW 4.24.115 (emphasis added). Here, the damages cap contained in the Limitations of Professional Liability clause does not require Heron Ridge to indemnify AGRA for AGRA's negligence. Rather, it limits the *amount* of damages AGRA must pay "[f]or any injury or loss on account of any error, omission or other professional negligence" to $50,000 or AGRA's fee, whichever is greater.

Moreover, Heron Ridge has not cited, nor have we discovered, any Washington caselaw extending RCW 4.24.115 to void contractual limitations on the amount of damages. *See Brown v. Snohomish County Physicians Corp.*, 120 Wash.2d 747, 845 P.2d 334, 337 (Wash.1993) (en banc) ("Washington courts have hesitated to 'invoke public policy to limit or avoid express contract terms absent legislative action.' "); *see also Cary v. Allstate Ins. Co.*, 130 Wash.2d 335, 922 P.2d 1335, 1340–41 (Wash.1996) (en banc) ("This court will not invoke public policy to override an otherwise proper insurance contract in the absence of an expression of public policy from either the Legislature or a prior court decision.").

### IV

■ Heron Ridge contends that disputed issues of material fact remain as to whether AGRA committed gross negligence. We conclude that the economic loss doctrine bars Heron Ridge's gross negligence claims under both approaches adopted by the Washington Supreme Court. *See Carlson v. Sharp*, 99 Wash. App. 324, 994 P.2d 851, 854 (Wash.Ct.App. 1999) (noting importance of maintaining the boundaries between tort and contract in a suit against design professionals where "the damage was not caused by a defective product but by an allegedly defective service."); *cf. Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 119 Wash.2d 334, 831 P.2d 724, 733–34 (1992) (en banc) (holding col-

lapse of flathouse building dangerous under "sudden and dangerous" approach where it "was literally coming apart at the seams" and "was inherently unsafe from the time it was filled with grain.").

AFFIRMED.